FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL ANTONIO DE JESUS CHAVEZ-RIVERA, | No. 09-72053 |
| Petitioner, | Agency No. A098-896-326 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Manuel Antonio De Jesu Chavez-Rivera, a native and citizen of El Salvador,

petitions pro se for review of the decision of the Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

upholding the immigration judge's denial of Chavez-Rivera's applications for asylum, withholding of removal, and relief under the Convention Against Torture.

We reject Chavez-Rivera's claim that he is eligible for asylum and withholding of removal based on past harm by gangs and resistance to gang recruitment, and his membership in the social group of young men who are sought by gangs for recruitment. *See Barrios v. Holder*, 581 F.3d 855, 862 (9th Cir. 2009) (refusal to join a gang does not make petitioner part of a particular social group); *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (young Honduran men resisting recruitment do not constitute a particular social group); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a social group "young men in El Salvador resisting gang violence"). Accordingly, because petitioner failed to demonstrate that he was persecuted or fears persecution on account of a protected ground, his asylum and withholding of removal claims fail. *See Barrios*, 581 F.3d at 856.

Substantial evidence supports the BIA's denial of Chavez-Rivera's CAT claim because petitioner failed to demonstrate that it is more likely than not that he will be tortured with the acquiescence of the government if he returns to El Salvador. *See Santos-Lemus*, 542 F.3d at 748.

Chavez-Rivera's contention that the agency deprived him of due process by not properly considering the evidence and assessing the issues is not supported by the record and does not constitute a colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**